■ In the Matter of the Arbitration between NORCEM, INC., Appellant-Respondent, and COLONIAL SAND & STONE CO., INC., Respondent-Appellant, and PHIBRO CORPORATION, Respondent. — Order and judgment, Supreme Court, New York County (Seymour Schwartz, J.), entered May 1, 1984, which, *inter alia,* denied Norcem's petition to stay arbitration and granted Colonial's cross motion "to the extent of compelling arbitration" between Colonial and Norcem only, unanimously modified, on the law, without costs and disbursements, to include Phibro as a party to said arbitration and to provide for a panel of three arbitrators, one to be designated by Colonial, and another by Phibro and Norcem jointly, both to be designated within 10 days of service of a copy of the order to be entered hereon, and the third arbitrator to be designated jointly by the first two designated arbitrators within 10 days after designation of the second arbitrator, and, except as thus modified, affirmed. If Phibro and Norcem are unable to agree on the choice of an arbitrator within the time specified herein, they shall each within 15 days of the entry of their order submit the names of two prospective arbitrators to the American Arbitration Association which shall then select an arbitrator who shall be deemed their designee. In the event their designee, actual or deemed, and Colonial's designee are unable to agree on the designation of a third arbitrator within the time specified herein then the American Arbitration Association shall, upon notice to it by Colonial, select the third arbitrator.

A dispute having arisen over the failure to pay rent and maintenance charges due under a time charter with respect to 15 barges, the owner, Colonial, pursuant to a provision for the arbitration of disputes, sought arbitration against both the charterer, Phibro, and the charterer's assignee, Norcem. Colonial's consent to the assignment stated that "[s]uch assignment shall not release Phibro from any of its obligations under said Time Charter". In the assignment Norcem agreed to perform all of Phibro's obligations to Colonial, including, "but not limited to, timely payment of hire and other charges due under the Time Charter". Despite a provision in the time charter that "Phibro has inspected the vessels, is fully familiar with their condition and accepts them in their present condition" and Norcem's confirmation that "it has no claims against Phibro based on the

condition of the barges and hereby accepts delivery of the barges under the Time Charter as assigned", both Phibro and Norcem have refused to pay for the hire and maintenance of the barges, alleging that they are not seaworthy. Colonial thereupon served Phibro and Norcem with a demand for arbitration and Norcem petitioned for a stay.

Special Term denied Norcem's application for a stay and granted Colonial's cross motion to compel arbitration to the extent of directing, *sua sponte,* that Colonial and Norcem arbitrate their differences and that thereafter, if necessary, Colonial proceed against Phibro in arbitration. This was error. Both Phibro and Norcem are bound by the terms of the time charter including its arbitration clause. Thus, Special Term's decision violates the parties' contractual agreements and is prejudicial to Colonial, which must pursue two separate arbitrations, instead of the one to which it is entitled.

The time charter calls for a tripartite arbitration panel with one arbitrator appointed by Colonial, as the owner, one arbitrator appointed by Phibro, as the charterer, and a neutral arbitrator picked by the two partial arbitrators. Thus, Norcem and Phibro are entitled to choose only one arbitrator between them. Moreover, in resisting the claim for payment of rent and maintenance the interests of Phibro and Norcem are common, and they have a separate pending arbitration to resolve their respective claims *inter se.* Concur — Kupferman, J. P., Sullivan, Ross and Bloom, JJ.